UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUYMON BECKHAM,

    Plaintiff,

v.

THE MONARCH CEMENT COMPANY,

    Defendant.

ACCIDENT FUND INSURANCE COMPANY OF AMERICA,

    Intervenor.

Case No. 23-1235-DDC-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO INTERVENE

The matter comes before the Court on Intervenor Accident Fund Insurance Company of America's (hereinafter "AFICA") motion to intervene. Doc. 76. AFICA requests the Court to enter an order granting it leave to intervene to protect its statutory subrogation lien. While Plaintiff does not oppose the motion, Defendant The Monarch Cement Company (hereinafter "Monarch") does. *See* Docs. 78, 79. Monarch filed a short, two-page response arguing AFICA does not have a mandatory right to intervene and that the Court should not allow permissive intervention because of undue delay. For the reasons stated herein, the motion is **GRANTED**.

**I. Background**

Plaintiff Guymon Beckham brought this premises and products liability action against Sam Carbis Solutions Group, LLC[1] and Monarch which is a cement manufacturer located just outside of Humboldt, Kansas. Doc. 1, at 3. The lawsuit arises from a fall that occurred at a Monarch property

---

[1]Defendant Sam Carbis Solutions Group has been dismissed from this action. *See* Doc. 65.

1

on September 12, 2022. Mr. Beckham was a truck driver in training for Sutton Trucking, Inc. He was on Monarch's property to retrieve a load of cement. Upon arriving at the property, Plaintiff pulled his vehicle to a lid opening station which consisted of a tower and gangway allowing Plaintiff access to the top of his trailer to open a hatch. After opening the hatch Plaintiff pulled his vehicle to a silo where his trailer was loaded with cement. After loading, Plaintiff pulled his vehicle to a lid closing station. After lowering the gangway, Plaintiff stepped off the end of the gangway, fell and suffered injuries.

Plaintiff filed suit on November 3, 2023, and a scheduling order was entered on January 24, 2024. *See* Doc. 30. Originally, fact discovery was set to close on July 1, 2024, with expert discovery closing on November 1, 2024. The schedule was amended once on July 10, 2024, in which the fact discovery deadline was extended to August 30, 2024, and the expert discovery deadline was extended to December 1, 2024. *See* Doc. 70. These are the current deadlines, and they remain unchanged.

The intervenor, AFICA, provides workers' compensation insurance coverage for employers doing business in Oklahoma. Plaintiff commenced a claim for workers' compensation benefits against Sutton Trucking under the Oklahoma Workers Compensation Act relating to his injuries. AFICA has paid workers' compensation benefits to and on behalf of Plaintiff that currently total $285,000.27. Doc. 76, at 2. On September 6, 2024, AFICA moved to intervene in this action to protect its statutory subrogation lien. Monarch filed its response on September 13, 2024. The briefing is now complete, and the Court is prepared to rule.

II.     **Legal Standard**

Federal Rule of Civil Procedure 24 allows two types of intervention—intervention as a matter of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). A motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). To intervene as a

2

matter of right pursuant to Fed. R. Civ. P 24(a)(2), the movant must establish, upon a timely motion, that it "claims an interest relating to the property or transaction which is the subject of the action; . . . the interest may as a practical matter be impaired or impeded; and . . . the interest may not be adequately represented by existing parties." *Everest Indemnity Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 332-33 (D. Kan. 2020) (quoting *Kane Cty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019)). Upon such a showing, the Court "must" permit intervention. Fed. R. Civ. P. 24(a). Historically, the Tenth Circuit has taken a "liberal approach to intervention [as a matter of right] and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Permissive intervention pursuant to Fed. R. Civ. P. 24(b), on the other hand, rests in the discretion of the trial court. The court's discretion to grant or reject Rule 24(b) intervention is broader than that of Rule 24(a). *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1390 (10th Cir. 2009) ("We review the denial of a motion to intervene as of right de novo and denial of a motion for permissive intervention for an abuse of discretion."). According to the Rule, the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

### III.    Analysis

Monarch argues AFICA does not have a mandatory right to intervene and that the Court should decline to exercise its discretion to allow permissive intervention. The Court will begin by addressing Monarch's argument that AFICA does not have a right to intervene pursuant to Fed. R. Civ. P. 24(a).

Monarch argues Plaintiff and AFICA are aligned in protecting the damages sought in this lawsuit and that AFICA has an adequate remedy under Oklahoma law since AFICA's lien is protected under Oklahoma statute. Neither argument prevails. Sutton Trucking, Inc. was Plaintiff's employer at the time of the fall, and its insurer, AFICA, paid workers' compensation benefits to and on behalf of Plaintiff.[2] Therefore, AFICA has an interest in the damages sought by Plaintiff from Defendant arising from the fall. As a non-party, AFICA's ability to protect its interest would be impaired or impeded by its absence from the litigation. Moreover, courts have found that an insurers' interest could further be impaired if they were forced to relitigate issues decided in the primary action. *Cf. LM Ins. Corp. v. Smart Framing Constr. LLC*, No. 24-2097-JAR-ADM, 2024 WL 4134898, at *3 (D. Kan. Sept. 10, 2024). A workers' compensation insurer has a right to intervene to protect its statutory lien. *Beach v. M & N Mod. Hydraulic Press Co.*, 428 F. Supp. 956, 959 (D. Kan. 1977) ("There is no doubt that Kuhlman and [the workmen's' compensation insurer] have the right to intervene in order to protect their statutory lien."). Therefore, the Court finds all elements required under Fed. R. Civ. P. 24(a)(2) are met for intervention as a matter of right.[3] *See Est. of Taylor by & through Castleberry v. Fanuc Am. Corp.*, No. 20-1361-KHV-GEB, 2021 WL 5758493, at *2 (D. Kan. Dec. 3, 2021) (finding that a worker's compensation insurer may intervene as a matter of right). *See also Balthrop v. Wal-Mart Stores E., L.P.*, No. CIV-19-00657-PRW, 2020 WL 130148, at *2-4 (W.D. Okla. Jan. 10, 2020) (reaching same conclusion under Oklahoma law).

---

[2] AFICA was granted a statutory lien under Oklahoma law. *See* Okla. Stat. Tit. 85A, § 43(A)(1)(C) ("If the employer or employer's carrier join in the action against a third party for injury or death, they shall be entitled to a first lien on two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his or her dependents").

[3] Since the Court finds that AFICA is permitted to intervene as a matter of right, it need not address permissive intervention under Fed. R. Civ. P. 24(b). However, the Court would find that the factors weigh in favor of permissive intervention.

Monarch also expresses concerns that intervention could delay adjudication of the proceedings.[4] Indeed, the application for intervention should be timely. Fed. R. Civ. P. 24(a). Timeliness is evaluated "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890-91 (10th Cir. 2019). The Court looks at the prejudice caused by the intervenor's delay, not the practical prejudice that inevitably comes from the addition of a new party. *LM Ins. Corp.* 2024 WL 4134898, at *2. Here, the Court does not consider the motion untimely and does not find that the intervention causes undue prejudice. While the motion comes towards the end of the discovery period, the Court does not share the same concerns as Monarch that the intervention will derail or significantly delay discovery.[5]

Additionally, the Court finds that because AFICA interests are adverse to Plaintiff, as it seeks to recoup its payments from any award, its interests are aligned with Defendant for jurisdictional purposes. *See Roth v. Builder's Stone & Masonry, Inc.*, No. 19-2747-DDC-GEB, 2020 WL 7480399, at *2 (D. Kan. Dec. 18, 2020) (finding that the intervenor should be aligned as a defendant because any sum going to the intervenor would be taken from the plaintiffs' recovery). Because jurisdiction in this matter relies upon diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must ensure such jurisdiction is not destroyed by the intervention. In this case, AFICA's claim to the recovery arises "out of the same facts as the underlying tort claim." *Id.* Therefore, joinder of

---

[4] It appears that Monarch is asserting this argument as it pertains to permissive intervention. *See* Doc. 79, at 2 ("Fed. R. Civ. P. 24(b)(3) requires the Court to consider whether the intervention will unduly delay or prejudice the adjudication of the original party's rights"). The Court will nonetheless briefly address the argument since the Court permits intervention "on timely motion." Fed. R. Civ. P. 24(a).

[5] Neither party raises the extent of AFICA's desired participation in the case; however, the Court notes that AFICA's status as intervenors would likely be very limited. *See Beach*, 428 F. Supp. at 959 (citing *Gorrell v. Kansas Power & Light Co.*, 189 Kan. 374, 369 P.2d 342 (1962)). As such, the Court does not plan to reset any deadlines or further modify the scheduling order.

AFICA would not destroy the Court's subject matter jurisdiction because supplemental jurisdiction would apply under 28 U.S.C. § 1367(a).  *Id.* (citing *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010)).  However, despite the Court's ability to exercise supplemental jurisdiction, it recognizes the proposed intervention pleading does not plead AFICA's state of incorporation.  *See* Doc. 77-1, at 1.  It provides that AFICA is a "foreign corporation with its principal place of business in Lansing, Michigan."  *Id.*  Therefore, the proposed intervention pleading must address its citizenship and this Court's supplemental jurisdiction over its claims.  Lastly, AFICA must file a disclosure statement as required by Rule 7.1(a)(2).[6]

**IT IS THEREFORE ORDERED** that AFICA's Motion to Intervene, Doc. 76, is **GRANTED**.  AFICA must file its intervenor petition, Doc. 77-1, in substantially the same form as attached to its motion, including the proper jurisdictional allegations set forth above, by **October 7, 2024**.  AFICA is further ordered to file its Rule 7.1(a)(2) disclosure statement by the same date.

**IT IS SO ORDERED**.

Dated October 2, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[6] "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)."  Fed. R. Civ. P. 7.1(a)(2).